# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TAMMY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-1110-JTM-KGG |
| | ) | |
| BINDER & BINDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON MOTION TO APPOINT COUNSEL,
## REPORT & RECOMMENDATION ON MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES, and
## <u>REPORT & RECOMMENDATION OF DISMISSAL</u>

In conjunction with her federal court Complaint, Plaintiff Tammy Harris has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed) as well as a Motion to Appoint Counsel (Doc. 4).  On April 10, 2015, the undersigned Magistrate Judge entered an Order (Doc. 5) requiring Plaintiff to supplement her *IFP* application and financial affidavit (Doc. 3, sealed; Doc. 3-1, sealed) to include the required information and to show cause as to why the Court should not recommend that her *IFP* application be denied.  The Court also instructed Plaintiff to supplement her request for counsel (Doc. 4) to show cause why the Court should not deny her request.  Finally, the Court instructed Plaintiff to amend her Complaint (Doc. 1) to show cause why the Court should not recommend to the

District Court that her claims be dismissed.  (*See generally*, Doc. 5.)

Plaintiff failed to respond to the Court's Show Cause Order in the time required.  As such, the Court **DENIES** Plaintiff's request for counsel, **RECOMMENDS** that the District Court deny Plaintiff's *IFP* application, and further **RECOMMENDS** that the District Court dismiss Plaintiff's claims in their entirety.

## I.      Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly

income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 49 years old and divorced with no dependant children. (Doc. 3-1, sealed, at 1-2.) She provides none of the required information regarding current or historical employment, nor does she provide information regarding any government benefits or other types of income. (*Id*., at 2-5.) She also lists no information regarding her assets or monthly expenses. (*Id*., at 5.) As such, the Court has absolutely no basis to determine whether Plaintiff's access to the courts would be significantly impaired should her motion be denied. The Court, therefore, **recommends** to the District Court that Plaintiff's *IFP* motion (Doc. 3) be **DENIED**.

## II.    Motion to Appoint Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

In considering the first *Castner* factor, as stated above, the Court does not know whether Plaintiff can afford counsel.  As discussed below, given the dearth of information in Plaintiff's Complaint, the Court has no ability to determine the merits of her claims, the third *Castner* factor.  This lack of information also makes it impossible for the Court to determine the complexity of Plaintiff's claims, which is relevant to determining whether Plaintiff has the capacity to represent herself, the fourth *Castner* factor.

As for the second *Castner* factor, this Court finds that Plaintiff has not engaged in a diligent search for counsel.  (*See* Doc. 4.)  The form motion specifically enumerates spaces for Plaintiff to identify six attorneys she has contacted about representation and Plaintiff has contacted none.  She has also failed to contact the requisite six attorneys to inquire as to representation and supplement her motion for counsel as instructed in the Court's prior Show Cause Order.  (*See* Doc. 5.)  These factors, taken in conjunction with the insufficiency of Plaintiff's Complaint (Doc. 1) (discussed *infra*), cause the Court to **DENY**

4

Plaintiff's request for counsel (Doc. 4).

### III.   Sufficiency of Complaint and Order to Show Cause.

As stated in the Show Cause Order, the Court has major concerns regarding the merits of Plaintiff's claim.  When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests.  28 U.S.C. §1915(e)(2).  Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).[1]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th

Cir.1991) (holding that a plaintiff need not precisely state each element, but must

plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d

at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual

allegations in the complaint must be enough to raise a right to relief "above the

speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. At 1965).

     While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a),

it must give the defendants sufficient notice of the claims asserted by the plaintiff

so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186,

01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).   Rule 8(a) requires

three minimal pieces of information in order to provide such notice to the

defendant: (1) the pleading should contain a short and plain statement of the claim

showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested.

Fed. R. Civ. P. 8(a).   After reviewing Plaintiff's Complaint (Doc. 1) and construing

the allegations liberally, if the Court finds that he has failed to state a claim upon

which relief may be granted, the Court is compelled to recommend that the action

be dismissed.

As noted in the prior Order (Doc. 5), Plaintiff's Complaint does not even indicate the claims she is bringing against the Defendant, let alone any factual information to support such claims.  In her form Complaint, Plaintiff merely checks the line indicating that her case "arises under the following section of the Constitution of the United States or statue of the United States . . . ."  She does not, however, fill in the blanks to indicate which federal statute and/or Article and Section of the Constitution is implicated.  (*See* Doc. 1, at 3.)  The "Statement of Claim" section is entirely blank, as is the "Relief" section.  (*Id*., at 3-4.)  She checks the blank to indicate that the "wrongs alleged in [her] complaint are continuing to occur in at the present time[.]"  She responds "no" to the question "Do you claim actual damages for the acts alleged in your complaint?"  (*Id*., at 4.)  She also checks the blank indicating that she has not presented her claims through an Administrative Procedure within a government agency.  (*Id*., at 5.)  In the "Additional Information" portion of the form Complaint, Plaintiff merely states "I never talk to my lawyer and never seem [sic] him."  (*Id*., at 7.)

Plaintiff also filled out a form Employment Discrimination Complaint (Doc. 1, at 8-13).  This form is no more helpful than the initial form Complaint.  Plaintiff does not indicate the basis for any such employment discrimination lawsuit,

indicates that she has not engaged in any administrative procedures, and indicates that she has not received a right-to-sue letter.  (*Id*., at 8-9.)  She does, however, state that she was discriminated for "back" problems.  (*Id*., at 10.)  Plaintiff has left blank the section instructing her to state "the essential facts of [her] claim."  (*Id*.)  She also crosses out the section for requested relief.  (*Id*., at 11.)  In the "Additional Information" portion of the form Employment Discrimination Complaint, Plaintiff again merely states that she "never talk to [her] lawyer and never seem [sic] him or [her]."  (*Id*., at 13.)  Other than using a form Employment Discrimination Complaint, here is no indication that Plaintiff is alleging that she was discriminated or harassed in the context of her work.

The hand-written portions of the "Additional Information" sections of Plaintiff's Complaints might infer that Plaintiff is bringing a professional malpractice claim against her counsel – particularly because Plaintiff has named the firm of Binder & Binder as the Defendant in this case.  Attached to Plaintiff's Complaint, however, is correspondence from Binder & Binder informing Plaintiff that the correspondent is

> sorry to inform you that we have received the final
> decision of the Appeals Council on your case.  They have
> affirmed the Administrative Law Judge's decision.  Your
> only remedy at this point is to go to the United States
> District Court and file a civil action to have the decision

9

overturned.  We will not be pursuing that action.
(*Id*., at 14.)  Plaintiff is then informed that "if you decide to pursue your matter in
Federal Court, you have sixty (60) days from the date of the unfavorable decision;
that is, on or before April27, 2015."  (*Id*.)  This information could infer that
Plaintiff has filed her Complaint as an attempt to appeal in District Court of the
Administrative Law Judge's decision in Plaintiff's Social Security matter.

Simply stated, Plaintiff has not alleged in her Complaint (Doc. 1) sufficient
facts to allow the Court to determine the basis of her claims. Further, Plaintiff has
not made any specific claims or identified any particular causes of action against
any named Defendant.  To the extent she is bringing claims against Binder &
Binder, there is no statement of a professional malpractice claim.  To the extent she
is appealing the Social Security decision, there is no discussion of the underlying
Administrative proceedings, nor is there any discussion of her alleged disability
other than an oblique reference to back problems.  To the extent she is brining
employment discrimination claims, there is no reference to her employer and there
are no stated allegations of discrimination.  Because Plaintiff has failed to respond
to the Court's Show Cause Order, the undersigned Magistrate Judge has no choice
but to **recommend** that the District Court **DISMISS** Plaintiff's Complaint (Doc. 1)
in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status (Doc. 3) be **DENIED**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th  day of May, 2015.

s/ KENNETH G. GALE
KENNETH G. GALE

11

United States Magistrate Judge